UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>– against –<br><br>NORBELIS SUAREZ,<br><br>Defendant. | 12-CR-135-01<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On May 14, 2012, defendant Norbelis Suarez pled guilty to a lesser included offense within Count One of a two-count indictment. The first count of the indictment charged that on January 24, 2012, within the Eastern District of New York and elsewhere, defendant Suarez knowingly and intentionally imported cocaine into the United States, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1).

Suarez was sentenced on June 6, 2013. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be 17 and defendant's criminal history category to be I, yielding a guidelines range of between twenty-four and thirty months imprisonment. The maximum term of imprisonment is twenty years. 21 U.S.C. § 960(b)(3). The maximum fine that could have been imposed was $1,000,000. *Id.*

Suarez was sentenced to time served (16 days spent in custody). A special assessment of $100 was imposed, as well as a supervised release term of three years.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(c) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The offense to which defendant

pled is a serious one. On January 24, 2012, defendant arrived at John F. Kennedy International Airport on a commercial flight that originated in Santo Domingo, Dominican Republic. A customs inspection revealed that Suarez had imported 581.35 grams of cocaine. Her suitcase contained 101.8 grams of cocaine, and she had ingested 479.5 grams of the substance.

Special considerations support the imposition of a non-Guidelines sentence. Suarez is 35 years old, and a lawful permanent resident of the United States. She was raised under difficult circumstances in the Dominican Republic. Her parents separated when she was a young child and her family struggled financially. She moved to the United States with her mother in 1991. Defendant has four children, including a son who is five years old. She has worked hard to provide for them, and her children continue to succeed academically. Suarez also suffers from serious health problems that require extensive medical care.

Defendant was induced to commit the instant offense under difficult and poignant circumstances.

As a result of this offense, the defendant will likely be deported. She and her family will suffer greatly from their separation.

A sentence of time served will promote respect for the law, and will provide just punishment. *See id.* § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: general and specific deterrence. General deterrence is satisfied by the sentence imposed. Specific deterrence has been substantially achieved. The defendant appears clearly remorseful for her actions. It is unlikely she will engage in further criminal behavior in light of her impending deportation and her strong desire to provide a better life for her children.

Jack B. Weinstein
Senior United States District Judge

Dated: June 12, 2013
Brooklyn, New York